IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| D'ZYRE YOUNGBLOOD,<br><br>   Plaintiff,<br><br>v.<br><br>NEW LEGACY MEMORIAL, INC.<br>d/b/a FATSPICES PHILLY<br>CHEESESTEAKS and ANDREW<br>LAWRENCE,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.:<br>) _____<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

PLAINTIFF D'ZYRE YOUNGBLOOD files this Complaint against DEFENDANTS NEW LEGACY MEMORIAL, INC. d/b/a FATSPICES PHILLY CHEESESTAKES ("FatSpices") and ANDREW LAWRENCE ("Lawrence" and, together with FatSpices, "Defendants") and for this cause of action states the following:

*Nature of the Claim*

1. This action seeks damages for Defendants' retaliatory actions and for unpaid compensation, including overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Plaintiff also seeks liquidated

1

damages, expenses of litigation, reasonable attorneys' fees, and other relief on the grounds set forth below.

### *Jurisdiction and Venue*

2.  This Court has subject-matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.

3.  Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

4.  Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5.  Defendant FatSpices is organized under the laws of the State of Georgia and its principal office is in Dallas, Georgia.

6.  At all times relevant to this action, Defendant Lawrence acted in the interest of an employer toward Plaintiff, exercised responsibility and control over Plaintiff's compensation and terms of employment, including her schedule and breaks, and terminated her employment, and he was a corporate officer with

operational control of the corporation's covered enterprise. Defendant Lawrence may be held liable in his individual capacity as an "employer" for Defendant FatSpices' FLSA violations.

7. At all times relevant to this action, Defendants were "employers" under 29 U.S.C. § 203(s).

8. Plaintiff is a resident of Georgia and she began working for Defendants in 2021

9. Plaintiff was an "employee" of Defendants' under 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

10. During her employment, Plaintiff worked for Defendants in many capacities, including as an order taker, a cook, a runner, cleaner, and other jobs.

11. At all times relevant to this action, Plaintiff was regularly engaged in commerce and in the production of goods for commerce, including her handling of goods that moved in interstate commerce, such as plates, forks, knives, ketchup, and mayonnaise obtained from vendors such as US Foods, as well as Plaintiff's handling of credit card transactions.

### *Factual Allegations*

12. At all times relevant to this action, Plaintiff was a non-exempt employee under the FLSA.

13. Plaintiff did not qualify for any of the FLSA's exemptions during her employment with Defendants.

14. As a non-exempt employee, Plaintiff was subject to the FLSA's minimum wage and overtime provisions.

15. Throughout her employment with Defendants, Plaintiff regularly worked more than forty hours per workweek.

16. Plaintiff typically worked six to seven days per week, from approximately 9 a.m. to 8 p.m. each day.

17. Defendants required Plaintiff to sign in and sign out each day that she worked.  Upon information and belief, Defendants maintained accurate time records showing the hours that Plaintiff worked.

18. Defendants paid Plaintiff a straight hourly rate for forty (40) hours each week.

19. When Plaintiff worked more than forty (40) hours in a workweek, Defendants did not pay Plaintiff any required overtime compensation.  They still paid Plaintiff a straight hourly rate for forty (40) hours in those workweeks.

20. The paystubs that Defendants issued to Plaintiff evidence Defendants' failure to properly compensate Plaintiff, as they show a payment for forty (40)

hours each week, regardless of whether Plaintiff worked more than forty (40) hours.

21. Defendants were aware of the hours Plaintiff worked for which they did not properly compensate her.

22. In the summer of 2022, Plaintiff questioned Defendants, including Defendant Lawrence, about the failure to properly pay her overtime compensation.

23. On September 8, 2022, one of Defendants' co-owners texted Plaintiff about Defendants' denial of Plaintiff's overtime wages: "All I can say is you are right … But he said he handled it ..So that mean live check either way …You are not wrong you worked and yes it is owed to you… all I can do is agree with you…. I apologize..because this is my fault period I take blame for it."

24. Despite Defendants' admission, Defendants still failed to properly compensate Plaintiff for her overtime hours.

25. And making matters worse, just two weeks later on September 23, 2022, Defendant Lawrence told Plaintiff that he was tired of her complaining, and Defendants terminated her employment.

26. Defendants have acted willfully and intentionally in violating the FLSA.

27.     Plaintiff consents to participate in this action.  Plaintiff's consent is attached as Exhibit 1 and is a part hereof for all purposes under Fed. R. Civ. P. 10(c).

## COUNT 1

**(Compensation Due Under 29 U.S.C. § 207)**

28.     Plaintiff re-alleges paragraphs 1 through 27 above and incorporates them here by reference.

29.     By engaging in the conduct described above, Defendants failed to pay Plaintiff at a rate of pay not less than one and one half times her regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

30.     Defendants also denied Plaintiff compensation for all the hours they worked in violation of the FLSA.

31.     Defendants' actions in failing to compensate Plaintiff in accordance with the FLSA were willful under 29 U.S.C. § 255(a), and committed with a conscious disregard for Plaintiff's rights.

32.     As a result of Defendants' violation of the FLSA, Plaintiff has a right to recover her unpaid compensation, including overtime compensation, and an equal amount as liquidated damages as well as prejudgment interest, reasonable

attorneys' fees, and costs of suit, under 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT 2

### (Retaliation Under 29 U.S.C. § 215)

33. Plaintiff re-alleges paragraphs 1 through 27 above and incorporates them here by reference.

34. This claim arises from Defendants' unlawful and willful retaliation against Plaintiff in violation of the FLSA.

35. In September 2022, Defendants retaliated and discriminated against Plaintiff in violation of 29 U.S.C. § 215(a)(3) when they terminated her employment in response to her attempt to assert her rights to overtime compensation under the FLSA.

36. As a direct result of Defendants' retaliatory and discriminatory actions alleged herein, Plaintiff suffered and will continue to suffer lost compensation, mental anguish, emotional distress, humiliation, embarrassment, pain and suffering, and loss of the enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, with respect to Count 1, Plaintiff respectfully requests that this Court:

      i. Take jurisdiction of this matter;

      ii. Grant a trial by jury on all matters properly triable to a jury;

      iii. Award Plaintiff proper payment for each hour worked during her employment with Defendants, and liquidated damages equaling 100% of the compensation due Plaintiff, as required by the FLSA;

      iv. Award Plaintiff prejudgment interest on all amounts owed;

      v. Award Plaintiff her reasonable attorneys' fees and costs of litigation; and

      vi. Award such other further relief this Court considers just, equitable and proper.

With respect to Count 2, Plaintiff respectfully requests that this Court award her:

      i. all damages available at law or in equity, including but not limited to liquidated damages, compensatory damages including those for mental anguish and emotional distress;

      ii. prejudgment interest;

      iii. costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

iv. reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

v. such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

**Plaintiff hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: October 4, 2022

By: /s/ Andrew Weiner
Andrew L. Weiner
Georgia Bar No. 808278
Jeffrey B. Sand
Georgia Bar No. 181568
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA  30339
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@wsjustice.com.com
js@wsjustice.com

COUNSEL FOR PLAINTIFF